FILED
CLERK, U.S. DISTRICT COURT

8/29/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ASI _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>MANUEL CERVANTES MORENO,<br><br>       Defendant. | CR  2:25-cr-00711-GW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii): Possession with Intent to Distribute Fentanyl and Methamphetamine; 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i): Possession of a Firearm and a Short-Barreled Rifle in Furtherance of Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm Without a Serial Number; 18 U.S.C. § 924, 21 U.S.C. § 853, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 17, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 722 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 2.12 kilograms, of methamphetamine, a Schedule II controlled substance.

4

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about May 17, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly possessed a firearm, namely, a privately manufactured .45 caliber pistol, bearing no serial number, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count One of this Indictment.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(B)(i)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly possessed a firearm, namely, a black and gold, privately manufactured, AR-15 style, .223 caliber rifle with a barrel less than sixteen inches in length, bearing no serial number, which defendant MORENO knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and Title 18 United States Code, Section 921(a)(8), in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Two of this Indictment, and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Three of this Indictment.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about May 17, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

1.    four rounds of Sellier & Bellot .45 ACP caliber ammunition;

2.    two rounds of Winchester .45 ACP caliber ammunition; and

3.    one round of Poongsan Corporation .45 ACP caliber ammunition.

Defendant MORENO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of a Dangerous Weapon, in violation of California Penal Code Section 12020(a), in the Superior Court of the State of California, County of Ventura, Case Number 2005020750, on or about September 27, 2006;

2.    Possession of a Controlled Substance While Armed, in violation of California Health and Safety Code Section 11370.1, in the Superior Court of the State of California, County of Ventura, Case Number 2013022858, on or about May 26, 2015;

3.    Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Ventura, Case Number 2013031530, on or about May 26, 2015; and

4.    Prohibited Person in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Ventura, Case Number 2013031530, on or about May 26, 2015.

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

1. two rounds of Sellier and Bellot .45 caliber ammunition;

2. seven rounds of Winchester .45 caliber ammunition;

3. one round of LAX Ammunition .45 caliber ammunition;

4. one round of Armscor .45 caliber ammunition;

5. one round of Federal Cartridge Company .45 caliber ammunition;

6. one round of Remington .45 caliber ammunition;

7. one round of Remington .38 caliber ammunition;

8. fourteen rounds of Lake City Army Ammunition Plant .223 caliber ammunition;

9. seven rounds of Poongsan Corporation .223 caliber ammunition;

10. seventy-six rounds of Canadian Industries Limited-Verdun .223 caliber ammunition;

11. ninety-six rounds of Federal Cartridge Company .223 caliber ammunition;

12. forty-five rounds Aguila .32 caliber ammunition; and

13. three rounds of Precision Made Cartridges .32 caliber ammunition.

Defendant MORENO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of a Dangerous Weapon, in violation of California Penal Code Section 12020(a), in the Superior Court of the State of California, County of Ventura, Case Number 2005020750, on or about September 27, 2006;

2.    Possession of a Controlled Substance While Armed, in violation of California Health and Safety Code Section 11370.1, in the Superior Court of the State of California, County of Ventura, Case Number 2013022858, on or about May 26, 2015;

3.    Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Ventura, Case Number 2013031530, on or about May 26, 2015; and

4.    Prohibited Person in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Ventura, Case Number 2013031530, on or about May 26, 2015.

COUNT EIGHT

[26 U.S.C. § 5861(d)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO possessed a firearm, namely, a black and gold, privately manufactured, AR-15 style, .223 caliber rifle, bearing no serial number, with a barrel less than 16 inches in length, which defendant MORENO knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant MORENO in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT NINE

[26 U.S.C. § 5861(i)]

On or about May 22, 2025, in Ventura County, within the Central District of California, defendant MANUEL CERVANTES MORENO possessed a firearm, namely, a black and gold, privately manufactured, AR-15 style, .223 caliber rifle, bearing no serial number, with a barrel less than 16 inches in length, which defendant MORENO knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a)

12

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts Four through Seven of this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

14

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in either of Counts Eight or Nine of this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

15

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW TANG
Assistant United States Attorney
General Crimes Section